**Mary T. MILHIZER, Plaintiff,**

v.

**RIDDLE AIRLINES, INC., Defendant.**

No. 19596.

United States District Court
E. D. Michigan, S. D.

June 28, 1960.

William A. Wood, Jr., Detroit, Mich., John Safran, Detroit, Mich., of counsel, for plaintiff.

Carl F. Davidson, John R. Secrest, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a motion for summary judgment arising out of a diversity suit by the plaintiff against the defendant air carrier for damages sustained through defendant's alleged negligence.

Pursuant to Rule 56, F.R.Civ.P., 28 U.S.C.A., the question to be determined in this motion is whether a genuine issue of material fact is presented by the pleadings and the certified copy of the Official Airfreight Rules Tariff No. 1-A submitted by defendant on oral argument, no affidavits, depositions or other evidence having been filed by either party.

The uncontroverted facts giving rise to the action are that plaintiff engaged the defendant to transport the remains of plaintiff's deceased husband, via one of defendant's planes, from Tampa, Florida, to Detroit, Michigan. The plane crashed in Georgia and the remains of the deceased were mutilated as a result of the crash.

The Uniform Airbill which constituted the contract between the parties specifically recites under the heading "Declared Value" that no value was declared on the shipment and further provides:

> "Agreed and understood to be not more than the value stated in the governing tariffs for each pound on which charges are assessed, unless a higher value is declared and applicable charges paid thereon."

The governing tariff, being Airfreight Rules Tariff No. 1-A, provides in Rule 3.3:

> "(a) In consideration of carrier's rate for the transportation of any shipment, which rate, in part, is dependent upon the value of the shipment as determined pursuant to Rule 4.3, the shipper and all other parties having an interest in the shipment agree that the value of the shipment shall be determined in accordance with the provisions of Rule 4.3 and that the *total liability* of the carrier shall in no event exceed the value of the shipment as so determined.
>
> "(b) By tendering the shipment to carrier for transportation, the

shipper, for himself and all other parties having an interest in the shipment, waives *all claims* for damages beyond the limitations set forth in these rules and regulations and affirms the description of the shipment as recited on the airbill, and the fact that the shipment is not of a nature unsuitable for carriage by air or hazardous thereto." [Emphasis supplied.]

Rule 4.3(a) (1) provides:

"A shipment shall be deemed to have a declared value of $0.50 per pound (but not less than $50.00) unless a higher value is declared on the Airbill at the time of receipt of the shipment from the shipper."

It is plaintiff's contention that defendant's negligent operation and maintenance of the plane is responsible for the mutilation of the remains of her deceased husband and that as a result thereof plaintiff was deprived of her right to provide a proper burial and suffered mental pain and anguish for which she seeks recovery in an action in tort. Plaintiff further contends that a contractual limitation of liability for negligence in the transportation of human remains on the part of a common carrier is against public policy and, consequently, that such a limitation in the present contract does not impose a limit on the amount she seeks to recover.

Defendant contends that the contract validly limits liability for all claims for damages to $179, which is the amount arrived at pursuant to Rules 3.3(b) and 4.3(a) (1) of the applicable tariff.

The precise questions to be considered are (1) Did the parties enter into a contract limiting liability for negligence? (2) Is such a contract valid under applicable law and (3) What law is applicable?

With respect to the first question, it appears from Paragraph 7 of the complaint that plaintiff "engaged the services of the defendant, a commercial airlines, and contracted with the said defendant for a certain specific considera-

tion agreed to between plaintiff and defendant to transport by the airways the body of her late husband from Florida to Michigan." Defendant, in Paragraph 7 of its answer, admits that a contract for the transportation of the body was entered into between plaintiff and defendant. The only evidence with respect to the contents of the contract is the photostatic copy of a nonnegotiable uniform airbill issued by Riddle Airlines, Inc., attached to the answer, from which it appears that the shipment covered thereby was the human remains of Edward W. Milhizer, the late husband of the plaintiff.

As already pointed out, the shipping contract contained certain rules and regulations limiting liability for *"all claims* for damages," which language clearly and unambiguously encompasses a claim for damages resulting from negligence. It therefore appears that the first question above must be answered in the affirmative, i. e., the parties did enter into a contract limiting liability for negligence with respect to the transportation of the human remains.

With respect to the second and third questions above, the parties were unable to find any pertinent case law and the court's independent research also failed to disclose the existence of any cases involving issues similar to those in the present case.

It is well established, and the parties so admit, that the applicable law with respect to loss of or damage to baggage or freight resulting from negligence by an air carrier is federal law and that, under such law and pursuant to the relevant sections of the Federal Aviation Act (49 U.S.C.A. § 1301 et seq.), air carriers may limit their liability for negligence. See, for example, Twentieth Century Delivery Service, Inc. v. St. Paul Fire & Marine Ins. Co., 9 Cir., 242 F.2d 292.

The law seems equally well settled, however, that, in cases involving personal injury and the application of the wrongful death statute, the applicable law is that of the place where the contract was

entered into or where the accident occurred and, further, that most states will not permit contractual limitations for liability arising from negligence in such a case. Limitation of Air Carrier's Liability, 13 A.L.R.2d 337.

It is evident that the present case does not fall within the last category of cases referred to. The precise question is, therefore, whether a box containing human remains is to be considered as a piece of freight for the determination of the issues in this case or whether such box of human remains should be considered to be in a category by itself to which an independent and different set of legal rules should be applied in order to dispose of the questions raised by this case.

Considering the fact that the shipment in issue here was accepted as a piece of freight and handled as such and that the transportation rates applicable to air freight in general were applied, it is difficult to see why a box of human remains should not fall into the category of air freight in general.

■ But, even if it were assumed that human remains should be placed in a category by itself, it does not appear that the legal rules which would have to be chosen should be those applying to passengers as against the rules applying to air freight. In this connection, it does not appear that the legal interest in a valuable and irreplaceable work of art or other chattel having sentimental value which cannot be valued in terms of money is any different than that of the surviving family members in the physical remains of a deceased member of the family. It could be urged that the difference lies in the different nature of legal interests involved, in that the legal interest in an ordinary chattel is a property interest, readily measurable in terms of value, while the legal interest in human remains is of a personal, nonproperty nature to which a "market value" cannot be assigned. In spite of any such difference in the nature of the legal interests, this court is of the opinion that, for purposes of determination of the issues in this case, the legal interest of a spouse in the remains of her deceased husband is more similar to the property interest of an owner in his chattels than it is to the right of a passenger to be free from personal injuries resulting from negligence of the carrier.

■ This court must also consider the right of the carrier to determine its rates in accordance with the risk assumed. That principle was clearly enunciated by the United States Supreme Court in Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 74, 81 L.Ed. 20. In that case, a moving picture film had been shipped without declaration of value and the tariff limited liability similarly as in the present case. When delivery of the film was delayed, the plaintiff claimed damages for the interruption of its business caused by the negligent delay. In upholding the force of the limitation as contained in the contract, the Supreme Court said:

"The underlying principle is that the carrier is entitled to base rates upon value and that its compensation should bear a reasonable relation to the risk and responsibility assumed. * * * The broad purpose of the federal act is to compel the establishment of reasonable rates and to provide for their uniform application. Special contracts are not permitted to give any advantage to a particular shipper. * * * The liability in this instance is thus governed by the provisions of the applicable tariff and no recovery could be had in excess of the amount permitted by its terms."

In the present case, the plaintiff had the opportunity to declare on the shipment any value she chose and thereby apprise the carrier of the extent of its responsibility. Not having done so, she cannot now be heard to claim damages "valued" greatly in excess of the "value" of the shipment as determined by the contract.

As stated by Justice Sutherland in American Railway Express Co. v. Lindenburg, 260 U.S. 584, 43 S.Ct. 206, 209, 67 L.Ed. 414, a case involving damages to goods contained in a trunk that had been shipped:

"Having accepted the benefit of the lower rate dependent upon the specified valuation, the respondent is estopped from asserting a higher value. To allow him to do so would be to violate the plainest principles of fair dealing. * * * In Kansas City Southern Ry. Co. v. Carl, supra, [227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683] this Court said: 'To permit such a declared valuation to be overthrown by evidence *aliunde* the contract, for the purpose of enabling the shipper to obtain a recovery in a suit for loss or damage in excess of the maximum valuation thus fixed, would both encourage and reward undervaluations and bring about preferences and discriminations forbidden by the law. Such a result would neither be just nor conducive to sound morals or wise policies.' "

In accordance with the above, the court concludes that plaintiff and defendant in this case entered into a contract for the transportation of a box of human remains, which contract limited the liability of the defendant for loss of or damage to the box to a stated amount; that, for purposes of disposition of this case, a box of human remains is not significantly different from any other piece of freight and that, even if it were different, the same legal principles are applicable to such box as would be applicable to any other piece of freight or cargo; that federal law is applicable to determine the force to be given to a clause limiting liability in a contract for interstate transportation by an air carrier and that, under federal law, such a clause for limitation of liability is valid.

The motion for summary judgment therefore is granted. An appropriate order may be submitted.