Mrs. Mildred Brown PORTER, Plaintiff,

v.

SOUTHEASTERN AVIATION, INC.,
Defendant.

Civ. A. No. 2882.

United States District Court
M. D. Tennessee,
Nashville Division.

Jan. 18, 1961.

Tyree B. Harris III, of Hooker, Keeble, Dodson & Harris, Nashville, Tenn., for plaintiff.

Charles L. Cornelius, Jr., of Cornelius & Collins, Nashville, Tenn., Russell Kramer and Erma G. Greenwood, of Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for defendant.

WILLIAM E. MILLER, District Judge.

This is an action to recover damages for the alleged wrongful death of plaintiff's intestate, who was killed in the crash of a Southeast Airlines plane on Holston Mountain in Sullivan County, Tennessee, on January 8, 1959. At the time of the accident, Southeastern Aviation, Inc., d/b/a Southeast Airlines, was a common carrier of passengers for hire, duly certified under the Federal Aviation Act of 1958, 49 U.S.C.A. § 1301 et seq. and operating under and subject to the rules and regulations of the Civil Aeronautics Board and the Federal Aviation Agency. The declaration, which was filed in the Circuit Court of Davidson County, Tennessee, contained counts charging negligence under the common law and statutes of the State of Tennessee, and statutory counts for negligence based upon the violation of the rules and regulations promulgated under the said Federal Act.

On April 25, 1960, the defendant filed its petition for removal of the action to this Court on the ground that the action is one of a civil nature of which the district courts of the United States have original jurisdiction in that the matter in controversy exceeds the sum of $10,-000 and is founded on a claim or right arising under the laws of the United States.

The action is now before the Court upon plaintiff's motion to remand to the Circuit Court of Davidson County, Tennessee, for the reason that it does not arise under the laws of the United States so as to make it removable to this court.

Defendant's insistence is that "by the Federal Aviation Act of 1958 the Con-

gress of the United States pre-empted the field of control of the airspace of the United States, of air traffic, aircraft and their operation in the navigable airspace of the United States so as to exclude the states from the control of aircraft and their operation in the navigable airspace of the United States, and to exclude state courts from jurisdiction to hear and determine disputes arising in such field." It is argued on behalf of defendant that if Congress, by the enactment of the Federal Aviation Act of 1958, so pre-empted the field, then those portions of plaintiff's declaration which allege violations of the statutory and common law of Tennessee do not state a cause of action and allege nothing which would constitute an element of negligence in this litigation. Defendant further insists that if Congress has so pre-empted the field, then the only elements of negligence alleged in the declaration upon which the plaintiff can recover are the allegations with respect to violations of the Federal Aviation Act of 1958 and the rules and regulations promulgated pursuant thereto.

The defendant has cited numerous provisions of the Federal Aviation Act of 1958 in support of its insistence, but a careful consideration of the Act itself, its legislative history, and the terms and provisions of prior enactments of Congress in this field, compels the conclusion that Congress did not intend to pre-empt the field to the extent of excluding the jurisdiction of state courts in actions such as the one here involved.

That such pre-emption was not the Congressional intent is specifically shown by Section 1106 of the Act, 49 U.S.C.A. § 1506, which provides:

"Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."

This savings clause is comprehensive in scope and there is nothing in the Act to support defendant's argument that it applies only to federal remedies and not to remedies arising under the laws of the states.

This Court is in agreement with the views of the District Court for the Eastern District of Tennessee in the case of Dennis v. Southeastern Aviation, Inc., 176 F.Supp. 542, a companion case, that a declaration in the form and terms of the one here involved does not state a claim arising under the laws of the United States so as to make the case removable to a federal court.

The plaintiff's motion is accordingly granted and the action is hereby remanded from this Court to the Circuit Court of Davidson County, Tennessee.