111 N.J. Super. 276 (1970)
268 A.2d 289
DOVER FARMS, INC., A NEW JERSEY CORPORATION, AND MARTIN H. BERNSTEIN, PLAINTIFFS-RESPONDENTS,
v.
AMERICAN AIR LINES, INC., A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1970.
Decided July 7, 1970.
*278 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Melvin R. Oake argued the cause for appellant (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
Mr. Julius Braun argued the cause for respondents (Messrs. Braun & Braun, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant, American Air Lines, Inc., appeals from a judgment entered by the trial court in favor of plaintiff Dover Farms, Inc. in the sum of $2240 plus interest and costs.
Dover Farms, Inc. (hereafter plaintiff), a baby chick hatchery, made arrangements with defendant, an interstate air freight carrier, to transport 8000 baby chicks to the buyer thereof, plaintiff Martin H. Bernstein, at Los Angeles, California, C.O.D.
*279 Pursuant to those arrangements, boxes containing the chicks were delivered by plaintiff's truck to defendant's air terminal in Newark on April 16, 1968.
Plaintiff's truck driver testified as to the delivery of the boxes of chicks to defendant's receiving clerk. The driver secured an application  apparently the blank form of an air bill  from an inside clerk and delivered it to the "receiver." The latter, after weighing the chicks, partially filled out the air bill and returned it to plaintiff's driver. In turn, he gave the partially completed air bill to the inside clerk, who "filled the rest out."
The driver further testified that at the same time he also gave the inside clerk a copy of plaintiff's invoice to which there was attached, by a paper clip, an instruction sheet. The invoice showed the value of the chicks, $2240, defendant's flight number, and the departure and arrival times. The invoice was signed by defendant's clerk and returned to him. He also stated that the instruction sheet contained among other things, "how much it was supposed to be insured for."
Plaintiff's president testified that an instruction sheet was prepared and attached to the invoice which was given to the driver. It instructed defendant to insure the chicks for the "full value" as noted thereon. Nevertheless, the completed air bill, returned by defendant's clerk to plaintiff's driver, contained no "Declared Value." It merely disclosed 81 boxes at a total weight of 950 pounds, a weight rate shipping charge of $418.30, and a total charge of $439.96.
Defendant presented no witnesses and did not deny negligence in the transportation of the chicks. First, it argued that the air bill was clear on its face and that since no declared value was set forth thereon, defendant's filed tariff (Rule 52) limited plaintiff to a recovery of 50¢ per pound or a total of $475. Next, it contended that plaintiff's action was barred by Rule 60 (c) (1) of its filed tariff until the freight charges have been paid.
The trial court found as follows:
*280 It is true that the Civil Aeronautics Board tariff (Rule 60(c) (1)) provides that "no claim for loss or damage to a shipment will be entertained until all transportation charges thereon have been paid." In this case the plaintiff was not charged with nor informed of the proper transportation charges because of the error of defendant's agent and the defendant [sic, plaintiff] has not yet been so informed. Therefore the Court holds that the aforementionel rule does not apply.

* * * * * * * *
Since the defendant failed to follow the instructions of the plaintiff's agent with regard to the manner in which the domestic airbill should have been completed and the same was therefore not properly prepared in one of its essentials, the provisions of the Civil Aeronautics Board tariffs do not apply.
The court thereupon concluded that there being no evidence to the contrary, plaintiff's shipment was lost due to defendant's negligence. Accordingly, judgment was entered in favor of plaintiff in the amount of $2240.
Defendant now contends that the trial court erred in not applying its filed tariff and limiting its liability to $475. It supports this contention with the same above-noted argument as it presented to the trial court.
Since defendant was an air carrier engaged in the interstate transportation of passengers and freight, the transportation of plaintiff's chicks to California was controlled by federal rather than state law. Berkman v. Trans World Airlines, Inc., 209 F. Supp. 851 (S.D.N.Y. 1962); Milhizer v. Riddle Airlines, Inc., 185 F. Supp. 110 (E.D. Mich. 1960), aff'd on opinion below, 289 F.2d 933 (6 Cir.1961). See also, Silvers v. Penna. R.R., 89 N.J. Super. 475, 478-479 (App. Div. 1965). Thus, defendant was subject to the provisions of the Federal Aviation Act of 1958 (49 U.S.C.A. § 1301 et seq.). Pursuant to § 403 (a) thereof (49 U.S.C.A. § 1373 (a)) it is required to file with the Civil Aeronautics Board tariffs containing its rules and regulations relating to its interstate transportation of passengers and cargo. It filed such tariffs. These tariffs are binding upon shipper and carrier alike. United States v. Associated Air Transport, Inc., 275 F.2d 827 (5 Cir.1960).
*281 The applicable tariff (Rule 52) provides, in effect, that defendant's liability was limited to 50¢ per pound unless the shipper declares a higher value to the carrier. The air bill given by defendant to plaintiff's agent provides that the goods are accepted subject to the filed tariffs, and that the declared value will "not be more than the value stated in the governing tariffs for each pound on which charges are assessed unless a higher value is declared and applicable charges paid thereon."
The air bill issued to the shipper and accepted by him constitutes the contract of carriage. Lichten v. Eastern Air Lines, Inc., 189 F.2d 939 (2 Cir.1951); Penna.-Reading Seashore Lines v. Unit Const. Co., 117 N.J.L. 494, 495 (E. & A. 1937). Thus, generally, one is bound to the tariff value where no other value is specifically set forth. Milhizer v. Riddle Airlines, Inc., supra, 185 F. Supp. 110. The shipper has an opportunity to declare any value he may choose on the shipment and thus apprise the carrier of the extent of its responsibility. If he does not do so, he cannot thereafter be heard to claim damages valued greatly in excess of the "value" of the shipment as determined by the contract. Id. at 113; Silvers v. Penna. R.R., supra, 89 N.J. Super. 475. Having accepted the benefit of a lower rate dependent upon the specified valuation, the shipper is estopped from asserting a higher value. American Railway Express Co. v. Lindenburg, 260 U.S. 584, 592, 43 S.Ct. 206, 67 L.Ed. 414 (1923).
However, the undisputed facts clearly establish that the shipper did declare a higher value. Plaintiff's agent gave defendant's agent instructions to insure the chicks for $2240. In spite of these instructions, the air bill which was completely prepared by defendant's agents contained no such "Declared Value." It was received by plaintiff's agent at a late hour during the night, and by the time defendant's omission could have been detected and rectified the chicks had already arrived dead or near dead in Los Angeles.
*282 The undisputed evidence clearly leads to the conclusion that the full value was not placed on the air bill only as a result of the mutual mistake of the agents of the parties. Under these circumstances, we find that plaintiff is equitably entitled to be relieved from the result of this mutual mistake. Penna.-Reading Seashore Lines v. Unit Const. Co., supra, 117 N.J.L. at 498. The contract between the parties, the air bill, being the product of an honest mistake, will be reformed to meet the true intent of the parties. Id. at 498. This may be done without violating any existing federal tariff or regulation.
However, plaintiff is not entitled to recover $2240 from defendant. Transportation charges consistent with this valuation must first be paid by plaintiff. See Tariff Rule 60 (c) (1). Thus, this matter is remanded to the trial court so that these charges may be determined by agreement of the parties or by the court following a hearing. The amount thus ascertained shall be deducted from $2240 and a judgment shall be entered for the plaintiff in the reduced amount. No interest shall be payable thereon. In the light of this procedure, we find defendant's final point to be without merit. This is especially so since we have mandated that transportation charges be deducted from the judgment, not the reverse.
Affirmed as modified, and remanded in accordance herewith.