**EDDIE DASSIN, INC., a California corporation, Appellant,**

v.

**EASTERN AIRLINES, INC., a corporation, Appellee.**

**No. 73-2113.**

United States Court of Appeals, Ninth Circuit.

Aug. 5, 1974.

Ronald L. M. Goldman of Goldman, Gangloff & Boehme, Beverly Hills, Cal., for appellant.

Donald G. Shanahan, John R. Johnson of Brill, Hunt, Debuys & Burby, Los Angeles, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and EAST,* District Judge.

## OPINION

ELY, Circuit Judge:

Appellant, Eddie Dassin, Inc. (hereinafter "Dassin"), is a California corporation which designs and sells knitwear, primarily sweaters to wholesale customers. Dassin instituted suit against Eastern Airlines, Inc. (hereinafter "Eastern") for Eastern's alleged negligence in connection with two separate shipments of garments to Puerto Rico.[1] The District Court found that Eastern, after taking possession of the goods, negligently delayed the delivery of one shipment for approximately two months and that the consignee, Darlene Knitwear, Inc. (hereinafter "Darlene") justifiably refused to accept the goods due to the tardiness of the delivery. As to Dassin's second claim, the court found that the subsequent shipment, due to Eastern's negligence, was lost and never delivered to the consignee. The court concluded adversely to Dassin, however, that Eastern's liability was limited to damages calculated at $0.50 per pound, rather than damages for the actual value of the garments.[2] The court based its conclusion on Tariff Rule No. 52, filed by Eastern with the Civil Aeronautics Board pursuant to 49 U.S.C. § 1373. We affirm.

In October of 1970 Dassin and Eastern entered into a written agreement in which Eastern agreed to transport two shipments of ladies' apparel from Los Angeles, California, to San Juan, Puerto Rico. Eastern further agreed to deliver the shipments to Darlene in Cayey, Puerto Rico. The shipping contract was entered into by Dassin through Steve Goldberg & Company (hereinafter "Goldberg"), an authorized cargo agent for certain airlines, including Eastern. The agreement was embodied in two shipping documents[3] which were completed by Goldberg. In one space designated "DECLARED VALUE FOR CARRIAGE," each Airway Bill contained the notation "MAX FREE." The term "MAX FREE" is an abbreviation of "maximum free value" and indicates that a shipment is protected only to the amount of the tariff limit. In another space designated "NATURE AND QUANTITY OF GOODS," however, there appeared a description and estimated value of the garments.

Since the District Court found that Eastern was negligent in shipping the goods, both parties agree that Eastern's Tariff Rule No. 52 governs the disposition of the appeal. *See* Tishman & Lipp, Inc. v. Delta Air Lines, 413 F.2d 1401 (2d Cir. 1969); Blair v. Delta Air Lines, Inc., 344 F.Supp. 360 (S.D.Fla. 1972), aff'd mem., 477 F.2d 564 (5th Cir. 1973). Rule 52(A) provides in part:

"[A] shipment shall have a declared value of $0.50 per pound but not less than $50.00 *unless a higher value is declared on the Air Bill at the time of receipt of the shipment from the shipper, and if a higher value is so declared, an additional transportation charge of $0.10 shall be required* for each $100.00 . . . by which such

---

* Honorable William G. East, Senior United States District Judge, Eugene, Oregon, sitting by designation.

1. Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332.

2. On Dassin's first claim, the court held that Dassin was entitled to damages in the amount of $1,800.50, or that Dassin could recover the goods, which remained in Eastern's possession. Additionally, the District Court held that Dassin was entitled to $1,786.50 on its second claim.

3. The two documents were designated "Airway Bill No. 007–0312 8366" and "Airway Bill No. 007–0312 8370."

higher value exceeds $0.50 per pound or $50.00, whichever is higher." (Emphasis added.)

One of the purposes of the rule is to permit the carrier to determine and fix its rates according to the risk assumed. Because of this, a carrier such as Eastern is able to furnish the transportation of goods at a minimum rate, with corresponding limited liability, unless the shipper voluntarily chooses to pay an additional charge and thereby secure additional protection.

A representative of Eastern testified at trial that the phrase "MAX FREE," when placed in the section entitled "DECLARED VALUE FOR CARRIAGE," indicated that Eastern agreed to incur liability only to the extent of the maximum tariff amount without an additional transportation charge. Moreover, he explained that statements of value appearing elsewhere than in the "DECLARED VALUE FOR CARRIAGE" space on the Airway Bill are ignored and do not constitute a declaration of value for the purpose of obtaining protection greater than the tariff limit. Conversely, Dassin claimed that in its agreement with Eastern's agent, Goldberg, it had declared a higher value for shipment purposes since the value of the goods was placed on each Airway Bill, albeit in an improper place. The president of Dassin testified that the shipments were sent on a "collect" air freight basis and that he assumed that Darlene, the consignee, would pay any additional charge. This testimony was contradicted to some extent, however, when he further testified that he was unaware of the fact that an additional charge was necessary in order to acquire added protection. Although the president of Goldberg testified as to his understanding of the contents of the Airway Bills, he also explained that he was not personally involved in the transaction. Moreover, it is undisputed that Dassin failed to instruct either Eastern or Goldberg that an additional valuation charge should be assessed, nor did it pay an additional amount. In line with its own understanding of the terms of the agreement, Eastern did not in fact assess an additional shipping charge.

Based on the foregoing facts, the District Court found that Dassin did not make a declaration of value for the purpose of obtaining increased protection under Eastern's Tariff Rule No. 52.

Under the applicable tariff rule, the shipper, Dassin, had the obligation to inform the carrier that it desired protection in excess of the tariff limit. Additionally, a shipper, in order to obtain enlarged coverage, must agree to pay the carrier the additional transportation charge specified in Tariff Rule No. 52. Obviously, the Airway Bills pertaining to the subject shipments did not clearly indicate a desire on the part of Dassin to acquire the additional coverage. There was substantial evidence at trial which supports the conclusion that neither party intended that the garments be shipped at the higher rate. Moreover, there was ample evidence to support the court's finding that Dassin did not inform the carrier that it desired the additional coverage. The District Court's dispositive factual findings are amply supported by substantial evidence, and it correctly concluded that Dassin's recovery was restricted by the tariff limitation of 50 cents per pound.

Dassin's contention that the trial judge erroneously failed to consider certain hearsay evidence is without merit.

Affirmed.