### SECURITY INSURANCE CO. OF HARTFORD et al.

v.

### NATIONAL AIRLINES, INC. and Ecuatoriana Airlines, Inc.

### Civ. A. No. 76–77.

United States District Court,
E. D. Louisiana.

March 9, 1976.

Valerie Fontaine, New Orleans, La., for plaintiffs.

Francis G. Weller, New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

The petition in this case seeks to recover for lost baggage. The petition states a claim based solely on Louisiana state law. The case was removed to federal court on the basis that 49 U.S.C. § 1373 requires airlines to post tariffs and these include limitations of liability. That the defendant's liability is limited may well be a defense. However, the fact that the tariff is required by a federal law and that liability may thereby be limited does not convert the claim to one arising under federal law so as to make it removable. In *City of New Orleans v. United Gas Pipe Line Company*, E.D.La.1974, 390 F.Supp. 861, this court summed up the applicable rules as follows:

> Whether a complaint initially filed in federal court properly invokes federal jurisdiction, or whether a federal question is presented in a state court proceeding sought to be removed, must of course be determined at the inception of the suit. The question might be resolved by an attempt to predict the issues that might eventually arise in the case, either by way of defense or in support of the plaintiffs' claims, and by attempting to anticipate whether counter-claims, cross-claims, third party complaints or other ancillary demands would likely be filed and endeavoring to prophesy the ultimate issues raised by each. Such an undertaking would be time-consuming and, to a degree, speculative. Hence, the Supreme

**494**

Court early developed the well-pleaded complaint rule: the federal question must appear on the face of the well-pleaded complaint. See Wright, Law of Federal Courts 59 (1970).

Here, each of the plaintiffs professes to rely solely on state law as a basis for its claims. To create federal jurisdiction it is not sufficient that the defendants may have a well-founded defense under the Natural Gas Act or the rulings of the FPC: the federal question must be presented in the state court complaint for the case to be removable. 1A Moore's Federal Practice ¶ 160 (1974). Unless state law has been preempted by the Natural Gas Act or by federal common law, there is no federal question that could serve as a fundament for federal jurisdiction in pleadings like the complaints before the Court. 1A Moore's Federal Practice ¶ 160 (1974).

The Federal Aviation Act itself expressly provides:

Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies. 49 U.S.C. § 1506.

This provision has been construed to permit a plaintiff who seeks to recover for wrongful death to rely solely on state law; this necessarily prevents removal. *Porter v. Southeastern Aviation, Inc.,* M.D.Tenn. 1961, 191 F.Supp. 42. The statement in *Blair v. Delta Air Lines, Inc.,* S.D.Fla.1972, 344 F.Supp. 360, that "the principles enunciated [in *Porter*] are inapplicable to a claim for loss of or damage to baggage or freight" is dictum; the issue before that court was whether the limitations in the tariff required by the federal statute were applicable to limit the plaintiff's claim, not whether the basic contractual relationship between the parties was a creature of state or federal law. If that statement were taken to mean that federal law has preempted the field, it would be incorrect; the statute could not be more pellucid to the contrary.

The cases cited by the defendant are not apposite. *Tischman & Lipp, Inc. v. Delta Air Lines,* 2 Cir. 1969, 413 F.2d 1401 was removed on the basis of diversity. There was likewise diversity of citizenship in *Blair v. Delta Air Lines,* S.D.Fla.1972, 344 F.Supp. 360, and in *Lichten v. Eastern Airlines,* S.D.N.Y.1949, 87 F.Supp. 691. *Randell v. Frontier Airlines, Inc.,* W.D.Ark. 1975, 397 F.Supp. 840 was not a removed case but a case filed originally in federal court.

The plaintiff might have chosen to proceed in federal court initially, and fashioned his complaint in such a way as to raise a federal question on the face of that pleading. However, since the plaintiff chose to proceed in state court, and relied solely on state law, removability is tested by the face of the complaint. Based on this criterion, the case was not properly removed and hence it is REMANDED.

The Clerk of this Court is hereby directed to enter judgment in accordance with the above.