163 N.J. Super. 276 (1978)
394 A.2d 880
HOURLY MESSENGERS, INC., PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT AND CROSS-RESPONDENT, AND CHARLES A. RUSS COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1978.
Decided October 31, 1978.
*278 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. G. Paul Crawshaw argued the cause for appellant Charles A. Russ Company (Messrs. Martin, Crawshaw & Mayfield, attorneys; Mr. Crawshaw on the brief).
Mr. Edward Suski, Jr., argued the cause for respondent and cross-appellant Hourly Messengers, Inc. (Messrs. Wilinski, Suski, Scott & Cahill, attorneys; Mr. Suski on the brief).
Mr. Robert J. Partlow argued the cause for cross-respondent Insurance Company of North America (Messrs. Parker, McCay and Criscuolo, attorneys; Mr. Partlow on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
These appeals arise out of a lawsuit instituted by Hourly Messengers, Inc., against Insurance Company of North America to recover under a motor cargo liability insurance policy issued to it by the latter for a loss suffered when one of its trucks was stolen while parked in Philadelphia on May 7, 1968. The insurer's answer denied coverage on the ground that an endorsement to the policy excluded losses resulting from theft from an unattended vehicle unless the vehicle was inside a locked terminal building. Plaintiff thereupon amended its complaint so as to join as a defendant Charles A. Russ and Company, a broker, alleging negligence on its part in failing to obtain for it the coverage it required.
Sitting without a jury, the trial judge found no liability on the part of the insurer in that the exclusionary language of the endorsement was clear and unambiguous. He further held that the action was barred by the policy's one-year limitation period for the filing of a suit against the insurer. The trial judge further determined that the broker was liable to plaintiff because of its negligence in failing to procure the proper insurance for its client, and entered *279 judgment in favor of plaintiff in the sum of $6278.05 plus interest from May 7, 1968, and costs.
The broker appealed, contending that the evidence clearly demonstrated that "all parties involved with the insurance policy were acting under a mutual mistake of fact as to its provisions," and that the policy should have been reformed to conform "to the expressed intent of the parties." The broker further asserted that the insurer was estopped from denying coverage.
Plaintiff cross-appealed from the dismissal of its complaint against the insurer. Noting that the broker's brief did not attack "the validity of the judgment entered against it * * * but is rather attacking the dismissal of the action against the co-defendant," plaintiff has adopted the broker's supporting argument in that regard, but maintains, nonetheless, that the judgment against the broker should be affirmed.
The insurer does not discuss the issues of reformation and estoppel in its brief. Its sole argument is that the trial judge properly dismissed the action against it for the insured's failure to institute the action within the time period specified in the policy.
We address first the issue of whether plaintiff's action is barred by the contractual period of limitation. The pertinent provision of the policy in effect at the time of the loss was that "[n]o suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the complaint."
Plaintiff initially filed suit against the insurer in May 1969 in Pennsylvania. The insurer does not assert that the lawsuit there was untimely. It was voluntarily dismissed by plaintiff after the institution of a similar suit in this State on May 28, 1971. Why the second suit was filed for the same cause of action is not explained. In any event, the insurer argued below that the institution of the Pennsylvania action did not toll the running of the limitation period and the New *280 Jersey suit was therefore barred. The trial judge concurred, relying on the "general rule * * * that the commencement of an action in one state does not toll the running of the limitation period on the same cause of action in another state." Nix v. Spector Freight System, Inc., 62 N.J. Super. 213, 223 (App. Div. 1966).
We do not agree with the conclusion reached by the trial judge on this issue. The cited case is factually distinguishable and inapposite. Here, the timely action in Pennsylvania was pending and not discontinued until after the second complaint was filed in New Jersey. The limitations statute of this State was not implicated. The insurer had notice in the first action of the claim plaintiff had set up and was trying to enforce. The second, overlapping action did not advance a distinctly new or different claim. The gist of the action remained the same. Cf. Harr v. Allstate Ins. Co., 54 N.J. 287, 299 (1969). It was, in reality, nothing more than a continuance of the original cause in another jurisdiction. Consequently, the reasons for applying the contractual period of limitations did not exist and the complaint should not have been dismissed. Cf. Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329 (1978).
We next turn to the issue of the reformation of the insurance policy by the trial judge so as to reflect the true intent and belief of all parties concerned. We are satisfied that such relief should have been accorded, since the evidence at trial clearly and convincingly established that the parties were acting under a mutual mistake of fact as to the nature of the theft coverage. The remedy of reformation was available under the inherent equitable jurisdiction of the Superior Court, despite the absence of a specific request therefore in the pleadings. See Dover Farms, Inc. v. American Air Lines, Inc., 111 N.J. Super. 276, 282 (App. Div. 1970), certif. den. 57 N.J. 140 (1970); cf. Drake v. Boonton, 106 N.J. Super. 79, 86 (Law Div. 1969).
For a number of years prior to 1967 plaintiff's fleet of trucks had been covered for losses resulting from the theft *281 of cargo under a motor cargo liability policy issued by defendant insurance company. It appears that in 1967 the insurer informed the broker that because of high losses experienced by motor truck carriers it proposed to amend the policy so as to exclude loss or damage resulting from theft from any unattended vehicle unless the vehicle was inside a locked terminal building. The insurer subsequently modified its position, notifying plaintiff in April 1967 of a proposed change whereby indorsements would be issued eliminating claims "unless there is evidence of forcible entry and this, of course, requires that the driver keep the truck locked at all times when he is not in attendance." Despite this, when the policy was renewed in June 1967, it contained a "locked terminal warranty," thereby, according to the broker, completely negating the theft insurance requirements of plaintiff's business, in that no protection was offered for the trucks while they were on the street. The broker contended at trial that he was unaware of the new provision in the policy. The insurer concedes that for a time after the renewal policy was issued claims were presented by plaintiff for thefts from its trucks while parked on streets, and were paid without question, and when the theft occurred which precipitated this litigation, the claim submitted by plaintiff was rejected on the sole ground that there was an absence of proof of forced entry into the vehicle. No mention was made of any "locked terminal warranty." It is to be noted, moreover, that the "locked terminal" provision was cancelled and replaced with a "locked truck" provision in August 1968.
We deem of decisive import the concession at trial by the insurer's attorney that
* * * even though the policy as written did not contain a locked vehicle warranty, * * * that is really what everybody intends, that is what everybody thought they had, and should your Honor reform the contract so that it recites what everybody intends it to recite, then the requirement would be a forcible entry and, of course, one of the positions or one of the defenses raised to this, number one, *282 there is no evidence of forcible entry, and number two, of course, suit wasn't started within one year as required.
In the circumstances, we think it was error for the trial judge not to have acceded to the position shared by all parties that the policy be reformed by deleting therefrom the so-called "locked terminal warranty," and substituting therefor the intended provision.
The judgment dismissing the complaint against the insurer must be reversed and the matter remanded for a reformation of the policy as indicated. Since the rights of the parties are measured by the instrument as originally intended, 66 Am. Jur.2d Reformation of Instruments, § 11 at 537, it is evident that the judgment against the broker must also be reversed, and judgment of dismissal entered in his favor.
There remains for resolution the issue of whether the intended locked vehicle provision was merely that the vehicle be equipped with a fully enclosed body, and that when the vehicle is unattended, all windows and doors be securely closed and locked; or whether proof was also required, in the event of a theft, that the loss resulted from a forcible entry into the vehicle evidenced by visible signs and marks. If the latter is the case, then there is a further issue of whether, with respect to the May 1968 loss sustained by plaintiff, there had been such forced entry into the vehicle. Because of the dismissal of the action against the insurer on other grounds, these matters were not pursued at the trial. They will be tried and resolved on the remand.
The judgment in favor of plaintiff and against defendant Charles A. Russ and Company is reversed, and judgment will be entered in favor of the latter.
The judgment of dismissal in favor of defendant Insurance Company of North America and against plaintiff is reversed and the matter remanded for further proceedings consistent with the foregoing.
Jurisdiction is not retained.