JOHNNY'S PIZZA HOUSE, INC.

v.

G & H PROPERTIES, INC.

Civ. A. No. 81–1436.

United States District Court,
W. D. Louisiana,
Monroe Division.

Oct. 5, 1981.

Robert L. Curry, III, Edwin K. Theus, Jr., Monroe, La., for plaintiff.

Gregory S. Erwin, Alexandria, La., for defendant.

## RULING ON MOTION

NAUMAN S. SCOTT, Chief Judge.

The parties to this lawsuit entered into an oral franchise agreement whereby Johnny's Pizza House, Inc. (Johnny's), the plaintiff herein, would authorize the use of its trademarks and tradename, and provide recipes and information in return for four (4%) percent of defendant's, G & H Properties, Inc., d/b/a Johnny's Pizza House (G&H), sales, net of sales taxes. Prior to discussion of the motions filed in this case, we review the following chronology of litigation:

(1) On July 13, 1981, G&H sued Johnny's in Civil Action No. 81–1228–A before this Court's Alexandria Division. That petition sets out inter alia, an anti-trust cause of action relative to the franchise agreement pursuant to 15 U.S.C. § 1, et seq., thus creating federal question jurisdiction. 28 U.S.C. § 1331(a).

(2) On July 28, 1981, Johnny's sued G&H in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana (No. 128053) seeking damages and injunctive relief for alleged violations of the franchise agreement and of Louisiana tradename and trademark laws. La.R.S. 51:211, et seq.

(3) On July 30, 1981, Johnny's filed its answer and counterclaim in Civil Action No. 81–1228–A, asserting the same allegations of contractual, trademark and tradename violations as those recited in its State court petition, except that 15 U.S.C. § 1114, et seq., not La.R.S. 51:211 et seq., is cited as basis for relief.

(4) On August 6, 1981, G&H removed the State suit to this court's Monroe Division in Civil Action No. 81–1436–M, relying on the "federal question" purportedly raised in Johnny's State court petition to satisfy the jurisdictional prerequisites for removal. 28 U.S.C. § 1441(b) and 1331(a).

(5) On August 6, 1981, G&H also filed motions to dismiss or, alternatively to stay the removed suit (81–1436–M), and to transfer that suit to the Alexandria Division, where the original litigation was filed.

(6) On August 17, 1981, Johnny's filed a Motion to Remand the Monroe Division suit to the State court pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

We endeavor to resolve the Motion to Remand first, as it questions the most essential prerequisite for the exercise of this court's judicial powers, subject matter jurisdiction.

■ Our reading of the State court petition reveals no federal question. Johnny's chose to fashion its right of action under State law. A long established rule requires that the federal question utilized as the basis for removal under 28 U.S.C. § 1441(b) must appear on the face of a well-pleaded complaint. *Gold-Washing & Water Co. v. Keyes*, 96 U.S. 199, 24 L.Ed. 656 (1877); see Wright, *Law of Federal Courts*, 69 (1970). We may not refer to other pleadings or to the removal petition to determine the propriety of removal. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Gully v. 1st National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Great Northern Railroad Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *Tennessee v. Union Planters Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894).

■ The availability of a right of action under coextensive State and Federal statutes by no means forces a litigant to plead just the Federal claim or both. *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3rd Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *Brough v. United Steelworkers of America, AFL–CIO*, 437 F.2d 748 (1st Cir. 1971); *State of Conn. v. Levi Strauss & Co.*, 471 F.Supp. 363 (D.Conn.1979); see 1 A. J. Moore, *Federal Practice*, § 0.160 at 185 (2nd Ed. 1974), and *City of New Orleans, State of Louisiana v. United Gas Pipeline Co.*, 390 F.Supp. 861 (E.D.La.1974); *see also Dozier v. Weaver*, 481 F.Supp. 38 (M.D.La.1979); and *Security Ins. Co. of Hartford, et al v. National Airlines, Inc., et al*, 413 F.Supp. 493 (E.D.La. 1976).

"In judging the allegations of the plaintiff's complaint, it must be kept in mind that the plaintiff is the master of his own claim, and may choose not to assert a federal right that is available and instead rely on state law. *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ...".

*Sanchez v. Trustees of Pension Plan, Etc.*, 419 F.Supp. 909, 911 (M.D.La.1976).

Federal courts have previously passed upon the same issues as those presented herein—

"In order to find federal removal jurisdiction under the trademark laws, the complaint must be found to reveal the existence of a federally registered trademark and allege its infringement."

*Societa Anonima Lucchese Olii E Vini v. Catania Spagna Corp.*, 440 F.Supp. 461, 463 (D.Mass.1977); *La Chemise Lacoste v. Alligator Co., supra*; 1 A. J. Moore, *Federal Practice*, § 0.62[6] at 692–693. Neither element is asserted in Johnny's State petition. They can be found only in its answer and counterclaim to the G&H petition, which we plainly may not consider.

■ Federal pre-emption, circumstances wherein substantive State law has been expressly or impliedly usurped by congressional legislation, would empower a Federal court to glean a Federal question in an otherwise well-pleaded State petition to permit removal. *Avco Corp. v. Aero Lodge No. 735, IAM*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *see City of New Orleans, State of Louisiana v. United Gas Pipeline Co., supra; Contra, 1st National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d 843 (8th Cir. 1980). However, that exception does not pertain to the instant case. *La Chemise Lacoste v. Alligator Co., Inc., supra; Brough v. United Steelworkers of America, AFL–CIO, supra; Fischer v.*

*Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351 (W.D.Wis.1973).

The fact that G&H's Federal suit antedates Johnny's State suit and that Johnny's State petition establishes compulsory counterclaims under Federal Rule of Civil Procedure 13(a) is of no moment. That argument speaks to equity and judicial economy, two formidable considerations which nonetheless must pale in comparison to the dictates of Federal jurisdiction and the need to "prevent needless friction between State and Federal courts." *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537, 540 (1940). Commentators have squarely addressed this problem.

"A similar desire to achieve judicial economy also enters into the handling of the situation in which the counterclaimant institutes a second action to prosecute his claim even though it has previously been asserted in a pending action as a Rule 13(a) compulsory counter-claim. Although res judicata principles are not involved, inasmuch as no judgment has been rendered in either action, the fact that the compulsory counter-claim is so closely related to the main claim in the first suit generally motivates the Federal courts to enjoin or stay the second action in order to avoid duplication of effort. *When the second suit is in a State Court, however, a Federal injunction will not be possible because of the statutory limitation on Federal Courts interfering with State Court proceedings.*"

Wright & Miller, *Federal Practice and Procedures*, § 1409 at 38. (emphasis ours). Such an injunction would run counter to the language and purpose of the Anti-Injunction Act, 28 U.S.C. § 2283.

G&H refers us to *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976). In *Villarreal*, the Fifth Circuit passed upon the denial of a motion to remand where plaintiff, having settled his personal injury claim in Federal court (which was then dismissed with prejudice), sought similar relief in State court. Plaintiff was motivated to seek further relief due to possible fraud on the part of defendant in settling his claim. The Fifth Circuit commented:

"The United States District Court held that removal was proper because: (1) Appellant's complaint is essentially an attempt to increase his recovery for the personal injuries that were the subject of the prior lawsuit in the United States District Court; and (2) By seeking to institute a suit in State court, appellant sought to circumvent two orders of the United States District Court in the first suit; the District Court judge felt that the attempted circumvention also created a federal question since a Federal District Court is empowered to protect its jurisdiction."

*Villarreal v. Brown Express, Inc., supra,* at 1221. The Court then held "we are convinced that the District Court was correct in exercising removal jurisdiction in this case." *Id.* We have no final judgments or orders to protect relative to litigation between the parties herein, thus eliminating considerations of res judicata. *Villarreal,* then, is inapposite to the present situation.

Inasmuch as we may not exercise removal jurisdiction, the motions filed by G&H are rendered moot. Based upon the foregoing, it is hereby ordered that plaintiff's Motion to Remand is granted and that this action be and it is hereby remanded to the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana.