**Patricia A. REECE, et al., Plaintiffs**

v.

**DELTA AIR LINES, INC., Defendant.**

**Civ. No. 87–0167–B.**

United States District Court, D. Maine.

June 8, 1988.

John O'Donnell, Burton G. Shiro, Shiro & Shiro, Waterville, Me., for plaintiffs.

Mark G. Lavoie, James D. Poliquin, Norman, Hanson & Detroy, Portland, Me., for defendant.

## ORDER ACCEPTING MAGISTRATE'S RECOMMENDED DECISION

CYR, Chief Judge.

Plaintiffs, the widow and two sisters of Herman Reece, filed this diversity action against Delta Air Lines, seeking damages

for emotional distress allegedly suffered as a result of the negligent mishandling of the remains of their decedent.

Delta moved for summary judgment on the ground that the contractual language of the air waybill expressly limits total damages to .50¢ per pound, which amount has been tendered. Defendant's Memorandum In Support Of Its Motion For Summary Judgment, at 6. Defendant does not allege that the plaintiffs were parties to the waybill. Instead, Delta relies on its published tariff rules for air freight transportation, which provide: "by tendering the shipment to Delta for transportation, the shipper, for himself and all others having an interest in the shipment agrees to [liability] limits set forth." Defendant's Objection to Magistrate's Recommended Decision, at 3.

The United States Magistrate recommended that the motion for summary judgment be denied because, *inter alia,* there is nothing in the record to indicate that the funeral home which executed the waybill as shipper of the decedent's remains had authority to act in behalf of the plaintiffs, Magistrate's Recommended Decision, at 2; and the court agrees.

█ The record is silent as to any authority—actual or apparent—on the part of the shipper to act in behalf of these plaintiffs. Absent such authority the contractual language cannot limit Delta's liability for any tort *which is independent of the shipping contract. See Neal v. Republic Airlines,* 605 F.Supp. 1145, 1148–1149 (D.N.D. Ill.1985) (Neither shipper, *nor those in whose behalf it acted*—parties with an interest in the shipment—may look to anything but the airbill itself as a basis of recovery *when damages are sought for mere delay in shipment or property loss*). Plaintiffs allege negligence on the part of Delta in presenting the damaged casket so that the discolored and damaged corpse was open to view by plaintiffs. Plaintiffs' Statement of Material Facts In Opposition To Defendant's Motion For Summary Judgment, at 5.

█ The Magistrate also found that a reasonable reading of the Delta tariff rules

suggests that the language—"an interest in the shipment"—was intended to refer only to *property* interests in the shipment. The Magistrate further stated that plaintiffs' claims were not related to any property interest they may have had in their decedent's remains, but were for negligent infliction of emotional distress upon the plaintiffs, whose relationship to the decedent made such emotional injury reasonably foreseeable under Maine law. Magistrate's Recommended Decision, at 2.

The parties concede, at least for purposes of the present motion, that the tort of negligent infliction of emotional distress in connection with the mishandling of a corpse is cognizable under Maine law. *Gammon v. Osteopathic Hospital of Maine, Inc.,* 534 A.2d 1282 (Me.1987). Defendant's Objection To Magistrate's Recommended Decision, at 2. Although it is not clear that Maine law controls the issue, it is unnecessary to determine the matter at this time.

Accordingly, defendant's motion for summary judgment is *DENIED,* without prejudice to its renewal upon supplementation of the record.

SO ORDERED.