Patricia A. **REECE, et al., Plaintiffs,**

v.

**DELTA AIR LINES, INC., Defendant.**

Civ. A. No. 87–0167–B.

United States District Court,
D. Maine.

March 2, 1990.

---

John O'Donnell, Waterville, Me., for plaintiffs.

Margaret L. Cushing, Portland, Me., for defendant.

### MEMORANDUM OF DECISION MODIFYING MAGISTRATE'S RECOMMENDED DECISION

GENE CARTER, Chief Judge.

Plaintiffs, the wife and two sisters of the late Herman Reece (Decedent), filed suit against Defendant alleging that Defendant shipped Decedent's body in a negligent or grossly negligent fashion, causing damage to the casket and Decedent's body. Plaintiffs seek damages for negligent infliction of severe emotional distress. Defendant filed a renewed Motion for Summary Judgment after this Court denied its first motion on June 8, 1988. 686 F.Supp. 21. The United States Magistrate, the Honorable David Cohen, recommended that the Court grant Defendant's renewed motion as to Patricia Reece, the wife of Decedent, but not as to Decedent's sisters, Gayle Love and Mary Waddell.[1] The Court will modify the decision of the Magistrate and will grant Defendant's Motion for Summary Judgment as to all Plaintiffs.

### Facts [2]

The following facts are not controverted. Herman Reece died on April 26, 1986. On that day, accompanied by her close friends, Hugh and Peggy Hagaman, Patricia Reece went to the Redington Funeral Home (Redington) to make the funeral arrangements. Hugh Hagaman acted on Patricia Reece's behalf in making arrangements such as choosing a coffin and informing Redington's treasurer, Orville Page, that Mrs. Reece wished to have Decedent's body shipped to North Carolina for burial. Mr. Page subsequently spoke to Hugh Hagaman two or three times in order to provide him with necessary flight information.

Redington contracted with Defendant to ship the body to Charlotte, North Carolina, where another funeral home would pick up the body and transport it to Boone, North Carolina. A Redington employee signed an air waybill and declared no specific value to the shipment. The air waybill limited the liability of Defendant to fifty cents ($0.50) per pound of the shipment unless the shipper declared a higher value of the shipment

---

**1.** Since the time that this suit was filed, Mary Waddell has died and her personal representative, Nancy Ambrose, has been substituted as a party plaintiff.

**2.** The facts of this case are viewed in the light most favorable to Plaintiffs. *Ismert & Associates, Inc. v. New England Mutual Life Insurance Company,* 801 F.2d 536, 537 (1st Cir.1986).

and paid a correspondingly higher charge.[3] The governing tariffs state that "all parties having an interest in the shipment" agree to the limitation of liability of all claims. These terms were not discussed with any of Plaintiffs. Through the error of Defendant, the remains arrived approximately fifteen hours late and the casket was damaged. At Decedent's wake, Plaintiffs and other family members noticed that the body was discolored. An employee of the funeral home in Boone, North Carolina also noted purging from the nose, mouth and right ear and separation of the mouth of Decedent.

### Procedural History

Plaintiffs claimed that they suffered severe emotional distress as a result of Defendant's error and filed suit for the tort of negligent infliction of severe emotional distress. Plaintiffs argued that Defendant knew, or should have known, that its negligence would cause Plaintiff to suffer mental anguish. Defendant argued that its liability is limited by the contract terms of the air waybill, controlled by federal common law, and filed the prior Motion for Summary Judgment.

United States Magistrate D. Brock Hornby recommended that the Court deny Defendant's Motion for Summary Judgment. Magistrate Hornby found that the language in the air waybill could not apply to Plaintiffs because they did not execute the air waybill. Furthermore, the Magistrate held that the air waybill speaks to "property types of interest," while Plaintiffs' claims arise out of Maine tort law designed to protect individuals from the negligent infliction of severe emotional distress.

The Defendant objected to the Magistrate's decision on the ground that the suit is not a tort claim, but a contract claim controlled by federal common law. This Court accepted the Magistrate's recommended decision in its opinion of June 8, 1988. *Reece v. Delta Air Lines*, 686 F.Supp. 21 (D.Me.1988) (Cyr, C.J.). In *Reece*, the Court noted that the record did not reflect that Redington had any authority to act on behalf of Plaintiffs. *Id.* at 22. The Court stated the air waybill contract cannot limit Defendant's liability for an independent tort without a showing of agency and that, therefore, summary judgment must be denied. *Id.* The Court noted that it was not clear whether Maine law controlled the tort claim. *Id.*

In a subsequent pretrial conference, the Court requested that the parties submit briefs addressing the choice-of-law issue concerning whether the tort claim could be maintained. In addition, the Court noted that the parties must supplement the

3. In pertinent part, the air waybill provided: It is agreed that the goods described herein are accepted ... for carriage SUBJECT TO THE CONDITIONS OF CONTRACT ON THE REVERSE HEREOF. THE SHIPPER'S ATTENTION IS DRAWN TO THE NOTICE CONCERNING CARRIERS' LIMITATION OF LIABILITY. The shipper may increase such limitation of liability by declaring a higher value for carriage and paying a supplemental charge if required.

. . . . .

(2) It is mutually agreed that the shipment described herein is ... subject to governing tariffs....

. . . . .

(3) Liability, including liability for consequential damages, is limited to the Declared Value or the amount of any damages actually sustained, whichever is lesser, Declared Value is agreed and understood to be not more that $00.50 per pound or $50., whichever is higher, unless a higher value is declared herein....

The applicable cargo rules tariff (North American Local Cargo Rules Tariff (No. 61)) provides in pertinent part:

(a) By tendering the shipment to Delta for transportation, the shipper, for himself and all parties having an interest in the shipment, agrees to the limitations set forth in these Rules and Regulations and warrants the description of the shipment as stated on the air bill and that the shipment is not of a nature unsuitable for its transportation by air.

(b) In consideration of the applicable transportation rates which, in part, are dependent upon the value of the shipment, the shipper, consignee and all parties having an interest in the shipment agree that the value of the shipment shall be determined as follows, and that the total liability of Delta and its agents, including consequential damages, shall in no event exceed the lesser of:

(1) 50 cents per pound per shipment (but not less than $50.00 per shipment)....

(2) The amount of any damages actually sustained.

record with respect to whether the shipper, Redington, acted as an agent for Plaintiffs.

After further discovery and briefs on the choice of law issue, Defendant renewed its Motion for Summary Judgment. Defendant reasserted its arguments from its first motion, but added that Redington had acted as Patricia Reece's agent when it signed the contract with Defendant to ship Decedent's remains. Plaintiffs also repeated their prior arguments, adding only that no agency relationship existed.

United States Magistrate David Cohen recommended the granting of partial summary judgment. The Magistrate, applying federal common law, found that the contract effectively limited Defendant's liability for all claims asserted by the shipper and the shipper's principals arising from the transportation of the body. The Magistrate also found that Redington acted as Patricia Reece's agent, but noted that no party had suggested that Redington was an agent for either Gayle Love or Mary Waddell. Thus, the Magistrate recommended that this Court grant summary judgment as to Patricia Reece, but not as to either Gayle Love or Mary Waddell because the contract language could not prevent their claims absent the showing of an agency relationship.

Plaintiff objects to the Magistrate's recommended decision claiming that agency was not established and that the contract cannot insulate Defendant from liability arising from negligent acts that cause a foreseeable harm. Defendant supports the Magistrate's decision. For the reasons set out below, the Court holds that the contract language of the air waybill limits all liability to all parties with an interest in the remains. Thus, the Court will grant summary judgment as to all Plaintiffs.

### Discussion

A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court finds that there exists no issue of material fact and that, for the reasons set out below, Defendant is entitled to judgment as a matter of law.

 Contracts for interstate carriage are governed by federal common law. *First Pennsylvania Bank v. Eastern Airlines, Inc.*, 731 F.2d 1113, 1115–16 (3d Cir. 1984). Under the "released value doctrine," carriers may limit their liability to the value of the shipment if the shipper has reasonable notice of the rate structure and is given the option to pay a higher price for greater protection. *Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1365 (9th Cir.1987); *Neal v. Republic Airlines, Inc.*, 605 F.Supp. 1145, 1148 (N.D.Ill.1985). When the facts of a case satisfy the "released value doctrine," courts look to the contract language to determine the rights of the parties. *Neal v. Republic Airlines, Inc.*, 605 F.Supp. 1145, 1148 (N.D.Ill.1985).

██ If the facts of a case satisfy the "released value doctrine," causing the air waybill terms to control the parties' rights, the parties may not avoid the liability limitations contained in an air waybill by recasting the form of action in terms of a tort claim such as negligence. *Id.* Courts have consistently interpreted air waybill provisions similar to those at issue in this suit to limit, in cases involving human remains, damage claims for negligent infliction of severe emotional distress to the terms of the contract.[4] *Id.* (Plaintiff cannot recast contract claim as a tort claim); *Blair v. Delta Air Lines, Inc.*, 344 F.Supp. 360, 365 (S.D.Fla.1972) (contract limits all

---

4. The Court leaves open the question of whether the terms of the air waybill could prevent Plaintiff from raising a tort claim that is truly independent of the air waybill because the Court holds that Plaintiffs' claim arises from Defendant's breach of contract and is controlled by

the terms of that contract. Plaintiffs have not alleged any specific act of Defendant, independent of the shipping contract, that caused their emotional distress, nor is there evidence of such an act.

claims); *Milhizer v. Riddle Airlines, Inc.*, 185 F.Supp. 110, 113–14 (E.D.Mich.1960) (contract limits negligence claims).

Thus, the rights of the parties in this suit with respect to the shipment of Decedent's remains are controlled solely by the terms of the air waybill. Redington, the shipper, was experienced in shipping human remains; the liability limitations were on the air waybill and provided reasonable notice; and the Redington employee declared no specified value for the shipment although the form presented the opportunity to choose a specific value that would thus raise the liability coverage. Because these facts satisfy the "release value doctrine," the Court looks to the terms contained in the air waybill contract.

The express limitation contained in the air waybill effectively limited Defendant's liability to fifty cents per pound for all Plaintiffs' claims. Furthermore, the air waybill's limitations applied to *all* parties with an interest in the shipment and, therefore, Defendant is protected from claims by all Plaintiffs.[5] The Court concludes that there exists no issue of material fact in regard to Defendant's limitation of liability against all Plaintiffs in this suit.

Accordingly, the Court modifies the Magistrate's Recommended Decision and *ORDERS* that Defendant's motion be, and it is hereby, *GRANTED* as to all Plaintiffs.

---

**5.** The issue of Agency, arising primarily from the tort theory claimed by Plaintiffs, is made moot because the terms of contract control the rights of the parties. Because the terms of the contract specifies "all parties with an interest in the shipment," there is no justification for limiting Defendants' protection to only the shipper or the shipper's principals. *Neal*, 605 F.Supp. at 1149.