**Enriqueta FONTAN–de–MALDONADO, Plaintiff, Appellant,**

v.

**LINEAS AEREAS COSTARRICENSES, S.A., Defendant, Appellee.**

No. 90–1899.

United States Court of Appeals, First Circuit.

Heard March 7, 1991.

Decided June 21, 1991.

A.J. Amadeo Murga, Santurce, P.R., with whom Raquel Amadeo Murga was on brief, San Juan, P.R., for plaintiff, appellant.

Orlando Fernandez with whom Garcia & Fernandez, Hato Rey, P.R., Michael J. Hol-

land, Deborah A. Elsasser and Condon & Forsyth were on brief, New York City, for defendant, appellee.

Before BREYER, Chief Judge,
SELYA, Circuit Judge, and BOYLE,* District Judge.

BREYER, Chief Judge.

The appellant, Ms. Enriqueta Fontán de Maldonado ("Fontán"), is an American citizen who lives in Puerto Rico. She planned a vacation in Costa Rica and booked a ticket, through a travel agent, to fly on a Costa Rican airline, Líneas Aéreas Costarricenses, S.A. ("the Airline"). An employee of the Airline, she alleges, told her travel agent that she need take only her birth certificate, not her passport. But, because she did not take her passport, her return journey became a nightmare, with officials in Panama (where she had intended a stopover) refusing to accept her, the Airline shunting her from one country to another, and her eventually spending the night on the floor of a Venezuelan airport. She sued the Airline, claiming that its bad advice about the travel documents amounted to negligence. The Airline replied that the ticket says such documents are the traveler's, not the Airline's, responsibility and that its tariff holds it free of liability for bad advice about which documents are needed. The district court granted the Airline's motion for summary judgment. Fontán appeals.

■ The relevant provision in the Airline's tariff says that passengers "shall comply with all ... travel requirements of countries to be flown from, into, or over," and that the Airline "shall not be liable for any ... information given by any ... employee ... to any passenger in connection with obtaining necessary documents ... or for the consequences to any passenger resulting from his/her failure to obtain such documents...." As required by law, *see* 49 U.S.C. App. § 1373(a); 49 C.F.R. § 221.38(a), the Airline has filed its tariff with the Department of Transportation, which regulates the rates and services of international airlines serving the United States. Fontán concedes that if this tariff provision is valid, she cannot prevail. Tariff provisions are binding on a passenger, even if the passenger did not actually know of them. *See Harby v. Saadeh,* 816 F.2d 436, 439 (9th Cir.1987); *United States v. Edwards,* 602 F.2d 458, 462 (1st Cir.1979); *Tishman & Lipp, Inc. v. Delta Air Lines,* 413 F.2d 1401, 1403 (2d Cir.1969). But, relying on *Klicker v. Northwest Airlines, Inc.,* 563 F.2d 1310, 1313 (9th Cir.1977), Fontán argues that the tariff is a nullity because it offends against public policy.

■ It is well-established law that a federal court may not hold a tariff provision unlawful as offending against public policy unless the agency empowered to reject the tariff has first had a chance to consider the question. *Southwestern Sugar & Molasses Co. v. River Terminals Corp.,* 360 U.S. 411, 421, 79 S.Ct. 1210, 1217, 3 L.Ed.2d 1334 (1959); *see Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 304–05, 306 n. 14, 96 S.Ct. 1978, 1987, 1988 n. 14, 48 L.Ed.2d 643 (1976). If the agency has not yet considered the issue, courts, under the doctrine of primary jurisdiction, will normally stay the lawsuit so that the party asserting the invalidity of the tariff provision may challenge it before the agency. *See Southwestern Sugar,* 360 U.S. at 421–22, 79 S.Ct. at 1217; *Distrigas of Mass. Corp. v. Boston Gas Co.,* 693 F.2d 1113, 1119 (1st Cir. 1982). Of course, if the agency has already announced its views, there is no need to apply the doctrine. *See Crancer v. Lowden,* 315 U.S. 631, 635–36, 62 S.Ct. 763, 765–66, 86 L.Ed. 1077 (1942); *Consolidated Rail Corp. v. Certainteed Corp.,* 835 F.2d 474 (3d Cir.1987); *Klicker,* 563 F.2d at 1313; *Vogelsang v. Delta Air Lines, Inc.,* 302 F.2d 709 (2d Cir.) (Friendly, J.), *cert. denied,* 371 U.S. 826, 83 S.Ct. 46, 9 L.Ed.2d 65 (1962). But, as far as we are aware, neither the Department nor its predecessor, the Civil Aeronautics Board, has considered the lawfulness of a tariff provision of the kind here at issue.

* Of the District of Rhode Island, sitting by designation.

Although the parties have not invoked the doctrine of primary jurisdiction, courts often invoke the doctrine on their own motion. It "exists for the proper distribution of power between judicial and administrative bodies and not for the convenience of the parties." *Distrigas*, 693 F.2d at 1117–19; *see Locust Cartage Co. v. Transamerican Freight Lines, Inc.*, 430 F.2d 334, 339 (1st Cir.), *cert. denied*, 400 U.S. 964, 91 S.Ct. 365, 27 L.Ed.2d 383 (1970); *accord Consolidated Rail Corp. v. Certainteed Corp.*, 835 F.2d 474, 477 (3d Cir.1987); *Detroit, T. & I. R.R. v. Consolidated Rail Corp.*, 727 F.2d 1391, 1393–94 (6th Cir.1984); *Louisiana & Ark. Ry. v. Export Drum Co.*, 359 F.2d 311, 314 (5th Cir.1966). *But see Kendra Oil & Gas, Inc. v. Homco, Ltd.*, 879 F.2d 240, 242 (7th Cir.1989); *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 547–48 (7th Cir.1987), *cert. denied*, 486 U.S. 1023, 108 S.Ct. 1998, 100 L.Ed.2d 229 (1988); *United States v. Bessemer & L.E. R.R.*, 717 F.2d 593, 599 (D.C.Cir.1983); *Khalessizadeh v. Scandinavian Airline Sys.*, 19 Av. Cas. (CCH) 18,413, 18,414 (C.D.Cal.1986). Since we do not consider the tariff provision so obviously reasonable that the Department of Transportation could not lawfully set it aside, nor so obviously unreasonable that the Department would have to do so, the Department must consider the question in the first instance.

The Airline says that we can affirm the district court's decision on an alternative ground, namely, that conditions printed on Fontán's ticket made her responsible for proper documentation. It is the tariff, however, not the ticket, that constitutes the contract. *See Keogh v. Chicago & N. Ry.*, 260 U.S. 156, 163, 43 S.Ct. 47, 49–50, 67 L.Ed. 183 (1922); *Edwards*, 602 F.2d at 462; *Tishman & Lipp*, 413 F.2d at 1403; *United States v. Associated Air Transport, Inc.*, 275 F.2d 827, 833 (5th Cir.1960). If the Department of Transportation were to find the tariff provision unreasonable, and for that reason void, the ticket would not help the Airline.

Accordingly, we vacate the judgment of the district court and remand with instructions to stay the proceedings for a reasonable time to permit Fontán to challenge the validity of the tariff before the Department.

*So ordered.*