Griselda **CUBERO VALDERAMA,**
et al., **Plaintiffs,**

v.

**DELTA AIR LINES, INC., Defendant.**

Civil No. 95–2069(DRD).

United States District Court,
D. Puerto Rico.

June 26, 1996.

Francisco J. Ramos–Gonzalez, Puerto Real, PR, for plaintiffs.

Ramon L. Walker–Merino, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

On May 9, 1995, Plaintiffs, the family of a deceased, utilizing the services of Delta Airlines, sent the cremated remains of the progenitor in a five-pound cardboard box from Fort Gordon, Georgia to San Juan, Puerto Rico. The remains arrived in San Juan, Puerto Rico on May 10, 1995, however, when the consignee arrived to pick up the ash remains at Delta's warehouse on May 23, 1995, the box had disappeared from the warehouse.[1]

The shipment of the human remains was shipped on a Delta "air-waybill" containing a conspicuous covenant of "carriers' limitation of liability." The tariff set forth a limited liability of $20.00 per kilogram "unless a higher value is disclosed by the shipper and supplementary charge is paid." Plaintiffs' agent failed to notify Defendant of a declared "higher value." The limit of a liability covenant is part of a published tariff, Rule Tariff No. 97, filed at the Department of Transportation.

■ Defendants have moved the Court to dismiss via a 12(b)(5) FRCP Motion to Dismiss or by summary judgment under Rule 56. Since documents were filed by Defendant which the Court considers, the appropriate standard is that of summary judgment under Rule 56, *Garita Hotel Ltd. v. Ponce Federal Bank* 958 F.2d 15, 19 (1st Cir.1992).

A district court may grant summary judgment when the record documents that possess evidentiary force "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See *Eileen M. Mc Carthy v. Northwest Airlines, Inc.*, 56 F.3d 313 (1st Cir.1995), citing *Coyne v. Taber Partners I,* 53 F.3d 454 (1st Cir. 1995). The intricacies and general standards of Rule 56, have been documented by the First Circuit Court in a "cascade of cases"[2] "Once a properly documented motion has engaged the gears of Rule 56, the party to whom the motion is directed can shut down the machinery only by showing that a trial worthy issue exists." See *Eileen Mc Carthy,*

---

1. Delta's agent used an International Waybill form instead of a Domestic Waybill, for a flight from Atlanta to Puerto Rico, the results are the same under either form since the issue is a limitation of liability clause in a tariff wherein no "higher value is disclosed."

2. See *Coyne v. Taber Partners,* Id.; *Lydia Libertad, et al. v. Father Patrick Welch, et al.,* 53 F.3d 428 (1st Cir.1995); *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir. 1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993); *United States v. One Parcel of Real Property (Great Harbor Neck, New Shoreham, R.I.),* 960 F.2d 200, 204 (1st Cir.1992); *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 351–52 (1st Cir.1992); *Griggs–Ryan v. Smith,* 904 F.2d 112, 115–16 (1st Cir.1990); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 7–8 (1st Cir.1990); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48–49 (1st Cir.1990).

Id. at 315, citing *National Amusements*, 43 F.3d at 735. At this crux, we need say no more than that summary judgment will proceed if the record, even when taken in aspect most favorable to the nonmoving party, fails to yield a trial worthy issue as to some material fact.[3] See *Coyne*, supra at 461.

■ A material fact is one that might affect the outcome of the suit under the governing law. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Medina–Muñoz*, 896 F.2d at 8 (emphasis in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510.) See also *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Hence, in applying these criteria, the Court is to consider that "not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law, if found favorably to the nonmovant that the materiality hurdle is cleared." *Wilfredo Martínez v. Rafael Colón*, 54 F.3d 980 (1st Cir.1995), citing *United States v. One Parcel of Real Property*, 960 F.2d at 204.

Consistent with the summary judgment standard, "we canvass the material facts in light that flatters, but does not impermissibly distort," the nonmoving party's claims, and indulge all inferences in favor of that party.[4]

■ Interpretation of tariffs involves usually only questions of law and thus are usually disposed by summary judgment. *Chambers & Ass. v. Trans World Airlines*, 533 F.Supp. 426 (S.D.N.Y.1982); see also *Fontan-de-Maldonado v. Líneas Aereas Costarricenses*, 936 F.2d 630 (1st Cir.1991), wherein an airline passenger claim involving a tariff item was also disposed via summary judgment.

■ Although Plaintiffs have filed this case under diversity jurisdiction, 28 U.S.C. 1332[5] meaning that Puerto Rican substantive law would apply, *Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Daigle v. Maine Med. Ctr. Inc.*, 14 F.3d 684, 685 (1st Cir.1994); *Coyne v. Taber Partners*, 53 F.3d 454 (1st Cir.1995), appellate federal jurisprudence makes it quite clear that the matter of airline tariffs is governed by federal law. *New England Legal Foundation v. Mass. Port Authority*, 883 F.2d 157, 172–173 (1st Cir.1989).[6] Hence, our jurisdiction lies in 28 U.S.C. 1331, federal question.

■ The Court originally issued an order to Plaintiffs (Docket No. 12) on December 13, 1995 to show cause why Defendants' liability should not be limited to around $50.00 pursu-

---

3. Essentially, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient **to establish the existence of an element essential to that party's case,** and on which that party will bear the burden of proof at trial." (Emphasis ours) *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver "an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986), (citations omitted). The nonmovant, however, may not rest upon mere denial of the pleadings. Fed.R.Civ.P. 56. See *Richard A. Mottolo and Service Pumping & Drain Co. Inc. v. Fireman's*

*Fund Insurance Company, et al.*, 43 F.3d 723 (1st Cir.1995).

4. See *Wilfredo Martínez v. Rafael Colón*, supra at 982; *Le Blanc v. Great American Insurance*, 6 F.3d 836, 841 (1st Cir.1993) cert. denied ⸺ U.S. ⸺, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co., Inc. v. Fireman's Fund Insurance Co., et al.*, supra at 725; *Lydia Libertad, et al. v. Patrick Welch, et al.*, 53 F.3d 428 (1st Cir.1995).

5. The Court originally followed Plaintiffs' suggestion of diversity jurisdiction (Docket No. 12).

6. The results that we reach would be identical under substantive Puerto Rican law. *Firpi v. Pan American World Airways*, 89 D.P.R. 197 (1963); *Bird v. Eastern Airlines*, 99 D.P.R. 955 (1971).

**122**

ant to a valid binding tariff since said air tariffs are accepted under Puerto Rican Law. *Firpi v. Pan American World Airways,* 89 D.P.R. 197 (1963); *Bird v. Eastern Airlines, Inc.,* 99 D.P.R. 955 (1971).[7] Plaintiffs showed cause. (Docket No. 16) but the Court is not convinced.

■ Tariffs filed with the Civil Aeronautics Board if valid are conclusive and exclusive, and the rights and liabilities between airlines and their passengers are governed thereby. *Fontan-de-Maldonado v. Líneas Aereas Costarricenses,* (supra) at 631; *Tishman & Lipp, Inc. v. Delta Air Lines,* 413 F.2d 1401, 1403 (2nd Cir.1969). The tariff is the basic contract between the passenger and the airline. *Fontan-de-Maldonado, Id.* at 632. It is also settled law that a "federal court may not hold a tariff provision unlawful as offending against public policy unless the agency empowered to reject the tariff has first had a chance to consider the question." *Fontan-de-Maldonado v. Líneas Aereas Costarricenses,* (supra) at 631.

In its show cause motion Plaintiff claims that the tariff should not apply because the instant case is one of "gross negligence," however, said issue has been adversely decided by other federal courts interpreting the tariff. *American Cyanamid Co. v. New Penn Motor Express, Inc.,* 979 F.2d 310, 315 (3d Cir.1992) citing *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1366 (9th Cir. 1987).

■ Plaintiff also alleges that the tariff does not apply because the loss occurred at the warehouse, however, federal courts have concluded that airline tariffs persist even if the loss occurs at the warehouse. *Rockwell International Corp. v. M/V Incotrans Spirit,* 707 F.Supp. 272, 273 (S.D.Texas 1989). Finally, Plaintiff alleges that the content of the shipment was known to the airlines; knowledge is not determinative, the crucial factor is a declared "higher value."

■ Plaintiffs' claim for mental distress is unwarranted under the tariff because said matter is preempted by federal law and because the tariff does not contemplate said remedy. *New England Legal Foundation v. Mass. Port Authority,* (supra), p. 172–173.[8]

Although the result seems harsh, it is Plaintiff who is responsible because "It is only just that the loss should fall on the one that with knowledge of the value involved, chose to take a chance." *Tishman & Lipp, Inc. v. Delta Air Lines Corp.* (supra) at 1407.

Since the tariff limit of a liability covenant is valid, Plaintiff's claim is limited to $50.00. Judgment to be issued accordingly.

IT IS SO ORDERED.

### JUDGMENT

Because the Court finds that the limit of liability contained in Delta Airlines Inc.'s Air Way Bill is valid, as detailed in the Opinion and Order of this same date, judgment is issued in favor of Plaintiff for $50.00.

IT IS SO ORDERED.

---

7. In *Firpi v. Pan American World Airways, Inc.* (supra) in reconsideration p. 221–225, the Supreme Court of P.R. upheld as valid a limitation of liability clause when no special value is disclosed. Similar results occurred in the case of *Bird v. Eastern Airlines* (supra) wherein a tariff limitation was upheld.

8. Even under Puerto Rican Law Plaintiff's allegations of mental distress based on a violation of a contract are invalid since plaintiff could have easily avoided them by simply declaring a "higher value" creating a higher degree of care and custody by Defendants and further causing greater compensation for loss.