OPINION OF THE COURT
Bernard S. Greenbaum, J.
Plaintiff commenced this action to recover damages arising out of the loss of certain property, a golf bag and its contents, during a flight from South Carolina to New York.
A bench trial was conducted before this court on November 18, 1996 and a memorandum of law was subsequently submitted by the defendant.
Based upon the credible evidence adduced at trial, this court makes the following findings of fact and conclusions of law.
On February 21, 1996, the defendant was returning from Myrtle Beach, South Carolina, to LaGuardia Airport, Queens County, New York, with several pieces of luggage for which he received claim checks at Myrtle Beach. Upon his arrival at LaGuardia, one piece of luggage, to wit, a golf bag with golf clubs, could not be found.
The plaintiff appears pro se. Defendant appears by counsel who has stipulated that the golf clubs were Ping clubs and that the value of the missing property amounted to $4,476.45.
At trial, both the plaintiff and his wife testified that, at LaGuardia, there was no inspection of the claim checks at the baggage area exit to determine whether the claim checks matched that on luggage being removed.
The defendant presented no witnesses but relied upon the fact that the printed language on the claim check limited the air carrier’s liability for lost luggage to $1,250 per passenger. Further, plaintiff could have purchased additional coverage or declared an excess valuation with the carrier.
The carrier sent a letter to the plaintiff on April 11, 1996, prior to the commencement of this action, purporting to settle the loss claim and enclosed a check for $1,250. No general release was requested of the plaintiff nor was there any statement on the check that this payment was in full satisfaction of any and all claims.
The defendant has raised the issues that it could only be sued for gross negligence and that the burden was on plaintiff *534 to prove that the limitation of damages to $1,250 was not applicable and that there was an accord and satisfaction based upon the plaintiff cashing the check for $1,250.
Initially, this court finds that the limited liability language does not apply when the carrier’s conduct is found to have been willful or grossly negligent. Here, the air carrier clearly omitted to perform a duty owed to the plaintiff and its other passengers when it failed to have the claim checks inspected at the exit point to their baggage claim area. Such duty could not be waived by the printed language of limited liability on the claim check.
The defendant air carrier presented no evidence whatsoever to contradict the plaintiff’s claim that the claim checks were not inspected upon leaving the baggage claim area.
The theory of res ipsa loquitur applies here as the golf bag and clubs were completely under the control and operation of the defendant from the time of check-in at Myrtle Beach until they were supposed to be returned to the plaintiff at LaGuar dia. The burden was, therefore, upon the defendant to show that the proximate cause of the loss to plaintiff was not due to its blatant failure to have claim checks inspected prior to allowing luggage to be released from the baggage claim area under its control.
Further, there was no accord and satisfaction with respect to the check sent to plaintiff prior to the commencement of this action nor can it be seen as a settlement of the plaintiffs claim. The claim was for an unliquidated amount. No general release was ever tendered to plaintiff nor was one ever signed by him. There was no language on the check to indicate that plaintiff’s cashing it would result in a settlement of any and all of his claims as against the air carrier. A layperson, under such circumstances, would consider the tendered check a partial payment which did not prevent him from proceeding for the balance between the full amount of his claimed damages and the limited amount for which the air carrier believed itself to be liable.
Accordingly, this court finds judgment in favor of the plaintiff in the amount of $3,000 with interest from February 21, 1996 plus costs and disbursements.