OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, plaintiff’s cross motion granted and summary judgment awarded to plaintiff in the sum of $1,250.
*796 Plaintiff commenced the instant action seeking to recover damages in the sum of $21,820 for luggage allegedly lost by defendant Continental Airlines, Inc. (hereinafter Continental) on April 16, 1998, upon plaintiff’s return flight from Chicago to Newark Airport. Plaintiffs theory of recovery is breach of bailment based on defendant’s alleged gross negligence, which plaintiff argues consists of Continental’s failure to inspect the claims checks at the baggage area exit, and the lack of security to prevent outsiders from entering into the baggage pickup area. Continental moved for summary judgment dismissing the complaint on the ground that its liability, if any, is limited to $1,250, pursuant to the terms and conditions of contract of carriage, which were made part of, and incorporated into, the air waybill by the notice of incorporated terms of contract of carriage appearing on the back of plaintiffs passenger tickets and boarding pass, as well as on a notice of baggage liability limitations included on the ticket jacket issued by Continental. In the alternative, Continental argued, inter alia, that there were adequate security measures in place in its baggage claim area. Plaintiff cross-moved for summary judgment on the issue of liability, and argued that the limitation of liability contractual provision did not apply to grossly negligent conduct. Plaintiff further asserted that Continental was precluded from introducing the notice of baggage liability limitations into evidence because it was in six-point type size in violation of CPLR 4544. In separate orders, the court denied Continental’s motion and plaintiffs cross motion, finding that there were issues of fact requiring a trial. For the reasons set forth below, summary judgment should be awarded plaintiff in the sum of $1,250.
Prior to the enactment of the Airline Deregulation Act of 1978 (hereinafter ADA; 49 USC § 41713), which largely deregulated domestic air transport (see American Airlines, Inc. v Wolens, 513 US 219, 222 [1995]), it was well settled that actions against interstate carriers for lost or damaged shipments were governed by federal common law (see generally Nippon Fire & Mar. Ins. Co., Ltd. v Skyway Frgt. Sys., Inc., 235 F3d 53, 59 [2d Cir 2000]; Read-Rite Corp. v Burlington Air Express, Ltd., 186 F3d 1190, 1195-1199 [9th Cir 1999]; Majors Jewelers v ABX, Inc., 117 F3d 922, 926-929 [5th Cir 1997]; Insurance Co. of N. Am. v Federal Express Corp., 189 F3d 914, 924-927 [9th Cir 1999] [W. Fletcher, J., concurring]).
Following the enactment of the 1978 ADA, most federal courts, including the Second Circuit, have held that “federal *797 common law continues to control the issue of liability of air carriers for lost or damaged shipments even after deregulation” (Nippon Fire & Mar. Ins. Co., supra at 59; Read-Rite Corp., supra at 1195-1199; Majors Jewelers, supra at 928-929; Arkwright-Boston Mfrs. Mut. Ins. Co. v Great W. Airlines, Inc., 767 F2d 425, 427 [8th Cir 1985]; First Pa. Bank, N.A. v Eastern Airlines, Inc., 731 F2d 1113, 1119-1122 [3d Cir 1984]; Owens-Corning Fiberglas Corp. v U.S. Air, 853 F Supp 656, 664-665 [ED NY 1994]). The ADA contains a preemption clause providing in pertinent part as follows: “[A] State * * * may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier” (49 USC § 41713 [b] [1]). The purpose of the clause was “ [t] o ensure that the States would not undo federal deregulation with regulations of their own” (Morales v Trans World Airlines, Inc., 504 US 374, 378 [1992]). Consistent with this purpose, the Supreme Court has accorded a broad construction to the “related to” language of the preemption clause as “having a connection with, or reference to, airline ‘rates, routes, or services’ ” (Morales, supra at 384). The ADA also contains a “saving clause” which provides that “[a] remedy under this part is in addition to any other remedies provided by law” (49 USC § 40120 [c]).
In American Airlines, Inc. v Wolens (513 US 219 [1995], supra), the Supreme Court held that “[t]the ADA’s preemption clause * * * read together with the * * * saving clause, stops States from imposing their own substantive standards with respect to rates, routes, or services” (id. at 232), but that the ADA does not preempt routine breach of contract claims since these “suits alleg[e] no violation of state-imposed obligations, but seek[ ] recovery solely for the airline’s alleged breach of its own, self-imposed undertakings” (id. at 228). The “terms and conditions airlines offer and passengers accept are privately ordered obligations” which do not amount to a state’s enforcement of any rule or standard (id. at 228-229). The Supreme Court stated that “[t]his distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties’ bargain, with no enlargement or enhancement based on state laws or policies external to the agreement” (id. at 233).
In the instant case, plaintiff’s claim pertains to the standards of limited liability of an air carrier for loss or damage to baggage and is thus directly related to the rates and services of an air carrier (see Read-Rite Corp. v Burlington Air Express, Ltd., *798 supra at 1198). “Allowing states to decide individually when and how a common air carrier may limit its liability would ‘significantly impact federal deregulation’ * * * and would ‘adversely affect the economic deregulation of the airlines and the forces of competition within the airline industry’ ” (id. at 1198, quoting Charas v Trans World Airlines, Inc., 160 F3d 1259, 1265, 1261 [1998]; see also Insurance Co. of N. Am. v Federal Express Corp., 189 F3d 914, 926 [9th Cir 1999] [W. Fletcher, J., concurring], supra). Plaintiffs claim does not arise merely out of an alleged routine contractual breach by defendant (cf. AIT Intl. v Federal Express Corp., 278 AD2d 439 [2000]). Rather, plaintiff seeks to invalidate the contractual limitation of liability clause based upon the state common law of bailment and tort. Thus, the determination of plaintiffs claim requires consideration of, and giving effect to, “state laws or policies external to the agreement” (American Airlines, Inc. v Wolens, supra at 233) which are preempted by the ADA (accord Boon Ins. Agency, Inc. v American Airlines, Inc., 17 SW3d 52 [Tex Ct App 2000]; Howell v Alaska Airlines, Inc., 99 Wash App 646, 994 P2d 901 [2000]; Leonard v Northwest Airlines, Inc., 605 NW2d 425 [Minn Ct App 2000], cert denied 531 US 876 [2000]; Blackner v Continental Airlines, Inc., 311 NJ Super 10, 709 A2d 258 [App Div 1998], cert denied 525 US 1142 [1999]).
To the extent that Kim v U.S. Air (171 Misc 2d 532 [1996]), relied upon by plaintiff, is inconsistent with our determination herein, it is not controlling upon this court. The sufficiency of Continental’s compliance with the notice requirements of the federal regulations governing limitation of liability provisions for baggage (see 14 CFR 253.1 et seq.; 254.1 et seq.) is governed by federal statutory and common law (see Gluckman v American Airlines, Inc., 844 F Supp 151 [SD NY 1994]; Wells v American Airlines, Inc., 1991 WL 79396, 1991 US Dist LEXIS 6246 [SD NY, May 9, 1991]).
Inasmuch as Continental concedes that plaintiff is entitled, under the circumstances presented, to recover the sum of $1,250, summary judgment is awarded plaintiff for said amount.
Patterson, J.P., Golia and Rios, JJ., concur.