OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff instituted this small claims action to recover damages to compensate him for the loss of items of clothing which were missing from his luggage bag after a domestic flight with defendant. At trial, plaintiff produced an itemized receipt indicating that he had paid the sum of $3,491.25 for the lost items of clothing. The court, acknowledging the contractual limitation of liability clause as set forth on plaintiffs ticket and ticket jacket, ultimately awarded plaintiff the sum of $2,500, which was the applicable monetary limitation of defendant’s liability (see Airline Deregulation Act of 1978 [49 USC § 41713]; see also Finestone v Continental Airlines, 195 Misc 2d 795 [App Term, 2d & 11th Jud Dists 2003]).
Our review is limited to determining whether substantial justice was done between the parties according to the rules and principles of substantive law (UDCA 1807). The deference which an appellate court normally accords to a trial court’s credibility determinations “applies with greater force to judgments rendered in the Small Claims Part” (Williams v Roper, 269 AD2d 125, 126 [2000]). Moreover, an appellate court will generally not reverse a finding of the small claims court, absent a showing that there is no support in the record for the court’s conclusions or that they are otherwise so clearly erroneous as to deny substantial justice (see Dourado v Jordan, 2002 NY Slip Op 40394[U] [App Term, 9th & 10th Jud Dists 2002]).
Defendant argues that plaintiff failed to properly prove the value of the items claimed to be missing from his luggage in that the purchase receipt which plaintiff presented was presumptively invalid since it did not indicate that any sales tax had been charged. Defendant further contends that the receipt was inadmissible since it was not properly authenticated.
UDCA 1804 provides that, with certain exceptions inapplicable to the instant case, the small claims court “shall not be bound by statutory provisions or rules of . . . evidence.” In the case of personal property such as wearing apparel, the owner of such property, who is familiar with its quality and condition, *89 may testify as to its value (see 36 NY Jur 2d, Damages § 87). With respect to the value of the items of clothing lost, the price paid for such articles of clothing when new establishes their value at the time of purchase (see 36 NY Jur 2d, Damages § 87). The receipt indicated that the value when new was $3,491.25, and plaintiff testified to that effect. In view of the fact that the items of clothing had only been purchased three weeks before they were lost, they were, in all likelihood, still in relatively new condition. It is noted that the court below took an active role in questioning plaintiff regarding the circumstances surrounding the purchase of the clothing, and was satisfied that plaintiff established his claim to damages both by his credible testimony and based upon the documentary evidence. Since the contract of carriage limited defendant’s liability to $2,500, it cannot be said that “substantial justice has not been done between the parties according to the rules and principles of substantive law” (UDCA 1807), nor that the court’s resolution of the issues before it was so clearly erroneous as to warrant reversal (see Moses v Randolph, 236 AD2d 706 [1997]).
Rudolph, EJ., Tanenbaum and Lippman, JJ., concur.