Lentini v Delta Air Lines, Inc. (2018 NY Slip Op 01597)





Lentini v Delta Air Lines, Inc.


2018 NY Slip Op 01597


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-00759
 (Index No. 701141/16)

[*1]Patricia Lentini, respondent, 
v
Delta Air Lines, Inc., appellant.


Mound Cotton Wollan & Greengrass LLP, New York, NY (Francis A. Montbach, Katarzyna M. Dolinska, and Olga Sekulic of counsel), for appellant.
René Myatt, Hollis, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to personal property, the defendant appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), entered December 13, 2016, which denied its motion for summary judgment limiting the plaintiff's potential damages to $50 pursuant to its U.S.-Domestic Air Waybill Conditions of Contract.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment limiting the plaintiff's potential damages to $50 pursuant to its U.S.-Domestic Air Waybill Conditions of Contract is granted.
As alleged in the complaint, the plaintiff purchased a kitten from a breeder in Florida. The breeder delivered the kitten to the defendant, Delta Air Lines, Inc., to be shipped from Florida to New York as cargo with the defendant's cargo service. The plaintiff picked up the kitten upon arrival in New York and took it home. The following day, after the plaintiff noted that the kitten was in distress, a veterinarian diagnosed the kitten with a broken hip.
The plaintiff commenced this action to recover damages arising from the defendant's shipment of the kitten, alleging causes of action sounding in, inter alia, negligence, conversion, and bailment. After issue was joined, the defendant moved for summary judgment limiting the plaintiff's potential damages to $50 pursuant to the terms contained in its U.S.-Domestic Air Waybill Conditions of Contract (hereinafter the air waybill). The Supreme Court denied the defendant's motion. The defendant appeals. We reverse.
A party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With the enactment of the Airline Deregulation Act of 1978 (hereinafter ADA) (49 USC § 41713), domestic air transit was largely deregulated (see American Airlines, Inc. v Wolens, 513 US 219, 222). Prior to and after the enactment of the ADA, actions against interstate carriers for lost or damaged shipments have been governed by federal common law (see Nippon Fire & Marine Ins. Co., Ltd. v Skyway Freight Systems, Inc., 235 F3d 53, 59 [2d Cir]; Deiro v American [*2]Airlines, Inc., 816 F2d 1360, 1365 [9th Cir]; Finestone v Continental Airlines, 195 Misc 2d 795, 796 [App Term, 2d Dept]). The ADA contains a "preemption clause" (see 49 USC § 41713[b][1]) as well as a "saving clause" (see 49 USC § 40120[c]), which, when read together, prohibit states from "imposing their own substantive standards with respect to rates, routes, or services" (American Airlines, Inc. v Wolens, 513 US at 232). "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement" (id. at 233). Thus, actions for loss or damage to interstate air shipments are governed by federal common law (see St. Paul Fire & Marine Ins. Co. v Delta Air Lines, Inc., 583 F Supp 2d 466, 468 [SD NY]).
An air waybill forms the basic contract between a shipper and an air carrier (see Southern Pac. Transp. Co. v Commercial Metals Co., 456 US 336, 342-343). In order to enforce a limited liability provision contained in an air waybill, a carrier must demonstrate that its contract satisfies the released-valuation doctrine (see Treiber & Straub, Inc. v U.P.S., Inc., 474 F3d 379, 385-386 [7th Cir]; King Jewelry, Inc. v Federal Express Corp., 316 F3d 961, 965 [9th Cir]). Under the released-valuation doctrine, the shipper "is deemed to have released the carrier from liability beyond a stated amount" in exchange for a low shipping rate (Deiro v American Airlines, Inc., 816 F2d at 1365). The shipper is bound by the limited liability provision if he or she (1) has reasonable notice of the rate structure, and (2) is given a fair opportunity to pay a higher rate in order to obtain greater protection (see id. ). Stated a different way, "[l]imited liability provisions are prima facie valid if the face of the contract (or, in this case, air waybill) recites the liability limitation and the means to avoid it'" (Read-Rite Corp. v Burlington Air Express, Ltd., 186 F3d 1190, 1198 [9th Cir], quoting Royal Insurance Co. v Sea-Land Service Inc., 50 F3d 723, 727 [9th Cir]). The fact that the language setting forth the limited liability provision is found on the reverse side of the air waybill does not render the provision unable to satisfy the released-valuation doctrine (see Hill Const. Corp. v American Airlines, Inc., 996 F2d 1315, 1318 [1st Cir]; Husman Const. Co. v Purolator Courier Corp., 832 F2d 459, 461-462 [8th Cir]). "The issue of adequate notice of the terms and conditions contained in a passenger ticket for interstate transportation is a question of law to be determined by the Court" (Gluckman v American Airlines, Inc., 844 F Supp 151, 160-161 [SD NY]).
Here, the air waybill signed by the plaintiff's shipper demonstrates that the shipper did not declare a value for the kitten and no additional coverage was purchased. The terms of the air waybill also provided a fair opportunity to purchase greater coverage (see Cubero Valderama v Delta Air Lines, Inc., 931 F Supp 119, 122 [D PR]; Reece v Delta Air Lines, Inc., 731 F Supp 1131, 1135 [D Me]; Blair v Delta Air Lines, Inc., 344 F Supp 360, 367 [SD Fla], affd 477 F2d 564). Accordingly, the defendant met its initial prima facie burden on its motion. 
The burden then shifted to the plaintiff to show a proper basis for avoiding enforcement of the limited liability provision (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). To do so, the plaintiff had the burden of showing that she did not have a fair opportunity to purchase greater liability protection (see Read-Rite Corp. v Burlington Air Express, Ltd., 186 F3d at 1198; Deiro v American Airlines, Inc., 816 F2d at 1365). The plaintiff, who submitted only her attorney's affirmation and certain veterinary bills in opposition, failed to raise a triable issue of fact as to whether she was not given the opportunity to purchase additional coverage.
Furthermore, the plaintiff's efforts to invalidate the contractual limitation of liability clause based upon the state common law of tort, conversion, and bailment are without merit. To reach those claims would require consideration of, and give effect to, "state laws or policies external to the agreement" (American Airlines, Inc. v Wolens, 513 US at 232). Such claims "are preempted by the ADA" (Finestone v Continental Airlines, 195 Misc 2d at 798, citing Boon Ins. Agency, Inc. v American Airlines, Inc., 17 SW3d 52 [Tex Ct App]; Howell v Alaska Airlines, Inc., 99 Wash App 646, 994 P2d 901; Leonard v Northwest Airlines, Inc., 605 NW2d 425 [Minn Ct App]; Blackner v Continental Airlines, Inc., 311 NJ Super 10, 709 A2d 258).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment limiting the plaintiff's potential damages to $50 pursuant to the air waybill.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court