Nicole P. White, Appellant,
against
Comunilife Scattered Site, Respondent.




Nicole P. White, appellant pro se.
Comunilife Scattered Site, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 4, 2016. The judgment, after an inquest, awarded plaintiff the principal sum of $220.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $3,517 for damage to her television set following a fire in the apartment above hers, and for utility bills which defendant had promised to pay. Defendant failed to appear on the April 4, 2016 trial date, whereupon the court (Robin Kelly Sheares, J.) held an inquest. Plaintiff produced documentary evidence of defendant's agreement to compensate plaintiff for electric and telephone usage in the period following the fire, and submitted the bills for the relevant period, but offered no testimony as to the cost of the personal property or of the property's condition immediately before and after the fire. At the conclusion of the inquest, the Civil Court awarded plaintiff the principal sum of $220, apparently for the utility bills received in the four-month period between the fire and plaintiff's departure from the premises, but awarded nothing for property damage. Plaintiff appeals, on the ground of inadequacy, arguing that she is entitled to recover for her property damage.
In a small claims action, our review is limited to a determination of whether substantial justice has been done between the parties according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
As plaintiff testified that the fire was caused by the occupant of the apartment above plaintiff's apartment smoking in bed, there is no basis, under the circumstances presented, to impose liability upon defendant for the property damage caused by that fire. In any event, even assuming arguendo that defendant could be held liable for plaintiff's property damage resulting from the fire, the record is insufficient to support any award therefor. Although a small claims court is not bound by the rules of evidence (see CCA 1804), there must be some proof of the " [*2]'quality and condition' " of the personal property alleged to have been damaged or destroyed (Slepoy v Kliger, 26 Misc 3d 126[A], 2009 NY Slip Op 52603[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009], quoting Korn v American Airlines, Inc., 11 Misc 3d 87, 88-89 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see also Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]; Fassett v Fassett, 101 AD2d 604, 605 [1984]) immediately prior to its damage or destruction (see Lozinsky v Michael Neubauer Servicenter, 259 AD2d 673, 673 [1999]; see also Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). The record contains no proof, documentary or testimonial, of the original cost of the television set, of its condition immediately before the fire, and of the extent of the damage it sustained as a result of the fire. 
As plaintiff was not entitled to recover damages in an amount greater than the principal sum of $220 awarded, substantial justice does not require that the award to plaintiff be increased (see CCA 1804, 1807). Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018