Griffith v Squires (2020 NY Slip Op 51300(U))

[*1]

Griffith v Squires

2020 NY Slip Op 51300(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-912 K C

Charmaine Griffith, Respondent, 
against
Richard Squires, Appellant. 

Richard Squires, appellant pro se.
Charmaine Griffith, respondent pro se (no brief filed).

Appeal from an amended judgment of the Civil Court of the City of New York, Kings
County (Sharon Bourne-Clarke, J.), entered May 30, 2018. The amended judgment, after a
nonjury trial, awarded plaintiff the principal sum of $3,500.

ORDERED that the amended judgment is modified by reducing the award in favor of
plaintiff to the principal sum of $2,000; as so modified, the amended judgment is affirmed,
without costs. 
In this small claims action, plaintiff, defendant's former tenant, seeks to recover the principal
sum of $3,500, which sum represents $1,500 in clothing and $2,000 in cash belonging to plaintiff
that defendant had allegedly converted. After a nonjury trial, the Civil Court, in an amended
judgment entered on May 30, 2018, awarded plaintiff the principal sum of $3,500. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact
as to issues of credibility is given substantial deference, as a trial court's opportunity to observe
and evaluate the [*2]testimony and demeanor of the witnesses
affords it a better perspective from which to assess their credibility (see Vizzari v State of
New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]).
This deference applies with greater force to judgments rendered in the Small Claims Part of the
court (see Williams, 269 AD2d at 126).
This case presented an issue of fact as to whether defendant was responsible for plaintiff's
property which was missing following her eviction. The trial court implicitly found the testimony
and evidence presented by plaintiff and her daughter to be credible. Plaintiff and her daughter
testified regarding where they had kept the $2,000 in cash that was missing. Defendant admitted
to having moved their personal property around, including the bed under which the $2,000 in
cash had been stored. However, plaintiff failed to establish, prima facie, the value of the personal
property lost, in that she failed to specify what items had been lost and their "quality and
condition" (Korn v American Airlines,
Inc., 11 Misc 3d 87, 88 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see Charles v Boland, 57 Misc 3d
150[A], 2017 NY Slip Op 51524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]). Consequently, substantial justice between the parties (see CCA 1804, 1807)
requires that the amended judgment be modified by reducing the amount awarded to plaintiff to
the principal sum of $2,000.
Contrary to defendant's contention, he was specifically afforded an opportunity at trial to
provide any additional information, but defendant replied that he had given the court "the
pertinent facts of the situation." Defendant's other arguments and evidence are either raised for
the first time on appeal (see Silver v
Silver, 162 AD3d 937 [2018]; Copp v Ramirez, 62 AD3d 23 [2009]) or are dehors the record
(see Chimarios v Duhl, 152 AD2d 508 [1989]), and are not considered by this court.
Accordingly, the amended judgment is modified by reducing the award in favor of plaintiff
to the principal sum of $2,000.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020